IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **FELECIA CORNELSON,** individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**JNH FOOD, LLC d/b/a PIZZA HUT,**<br><br>Defendant. | **Case No. 3:20-cv-3585**<br><br>**Jury Demanded** |

## COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff Felecia Cornelson ("Plaintiff"), individually and on behalf of all other similarly situated delivery drivers, brings this Complaint against Defendant JNH Food, LLC d/b/a Pizza Hut ("Defendant") and hereby alleges as follows:

1. Defendant operates numerous Pizza Hut franchise stores. Defendant employs delivery drivers who use their own automobiles to deliver pizza and other food items to its customers. However, instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendant uses a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks.

2. Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and common law to recover unpaid minimum wages and

overtime hours owed to herself and similarly situated delivery drivers employed by Defendant at its Pizza Hut stores.

## Jurisdiction and Venue

3.     Both the FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1332 (diversity). Jurisdiction over Plaintiff's state law claims is based upon 28 U.S.C. § 1367.

4.     Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff reside in this District, Defendant employed Plaintiff in this District, Defendant operates Pizza Hut franchise stores in this District, and a substantial part of the events giving rise to the claim herein occurred in this District

## Parties

5.     Defendant is a domestic limited partnership. Defendant is authorized to do business and is doing business in the State of Texas. Defendant may be served via its registered agent Jane Fergason, who may be served at 2021 McKinney Avenue, Suite 1600, Dallas, TX 75201.

6.     Plaintiff was employed by Defendant from approximately 2018-2019 as a delivery driver at Defendant's Pizza Hut stores located in Arlington, TX and within this District. Plaintiff hereby consents to pursue this claim under the FLSA, and her signed consent is attached to this Original Complaint as "Exhibit 1."

## General Allegations

### *Defendant's Business*

7.  Defendant owns and operates numerous Pizza Hut franchise stores including stores within this District and this Division.

8.  Defendant's Pizza Hut stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

### *Defendant's Flawed Automobile Reimbursement Policy*

9.  Defendant requires its delivery drivers to maintain and pay for safe, legally operable, and insured automobiles when delivering pizza and other food items.

10. Defendant's delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendant.

11. Defendant's delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but the per-delivery reimbursement equates to below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendant's delivery drivers.

12. The result of Defendant's delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its drivers' automobile expenses.

13. During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $.535 and $.58 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $.5447 and $.6843 per mile during the same period for drivers who drive 15,000

3

miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

14. However, the driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendant's delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

15. Defendant's reimbursement policy does not reimburse delivery drivers for even its ongoing out-of-pocket expenses, much less other costs they incur to own and operate its vehicle, and thus Defendant uniformly fails to reimburse its delivery drivers at any reasonable approximation of the cost of owning and operating its vehicles for Defendant's benefit.

16. Defendant's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages it pays to Plaintiff and Defendant's other delivery drivers are not paid free and clear of all outstanding obligations to Defendant.

17. Defendant fails to reasonably approximate the amount of its drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal minimum
wage requirements.

18.     In sum, Defendant's reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

### *Defendant's Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

19.     Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

20.     Plaintiff was routinely paid below $7.25 per hour during her employment with Defendant.

21.     The federal minimum wage has been $7.25 per hour since July 24, 2009.

22.     During the time Plaintiff worked for Defendant as a delivery driver, she was reimbursed $0.28 per mile and drove approximately 4 miles per delivery.

23.     During the relevant time period, the IRS business mileage reimbursement rate ranged between $.535 and $.58 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the lowest IRS rate and the highest rate per mile Plaintiff was making per mile driven, $.535 and $0.28 per mile, in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased her net wages by at least $0.255 ($0.535 - $0.28) per mile.

24.     During her employment by Defendant, Plaintiff regularly made 4 or more deliveries per hour. Thus using even a conservative under-estimate of Plaintiff's actual expenses

and damages, every hour on the job delivering pizza decreased Plaintiff's net wages by at least $4.08 ($.255 x 4 deliveries x 4 miles per delivery).

25. All of Defendant's delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

26. Because Defendant paid its drivers a gross hourly wage at precisely, or at least very close to, the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked-back" to Defendant an amount sufficient to cause minimum wage violations.

27. While the amount of Defendant's actual reimbursements per delivery may vary over time, Defendant is relying on the same flawed policy and methodology with respect to all delivery drivers at all of its other Pizza Hut stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

28. Defendant's low reimbursement rates were a frequent complaint of Defendant's delivery drivers, which resulted in discussions with management, yet Defendant continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses. In fact, there were times that Defendant would not pay Plaintiff and other drivers anything for mileage or would deduct pay from its mileage amounts.

29. The net effect of Defendant's flawed reimbursement policy is that Defendant has willfully failed to pay the federal minimum wage to its delivery drivers. Defendant thereby enjoys ill-gained profits at the expense of its employees.

### *Collective Action Allegations*

30. Plaintiff brings the above captioned lawsuit as a collective action on behalf of herself and as the Class Representative for all current and former delivery drivers employed by the Defendants during the last three years (the "Class").

31. Plaintiff brings Count I (FLSA) as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

32. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

33. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees federal minimum wage. The number and identity of other Plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential class members may be notified of the pendency of this action via mail and electronic means.

34. Plaintiff and all of Defendant's delivery drivers are similarly situated in that:

  a. They have worked as delivery drivers for Defendant delivering pizza and other food items to Defendant' customers;

  b. They have delivered pizza and food items using automobiles not owned or maintained by Defendant;

  c. Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition;

  d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

  e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

  f. They were subject to the same pay policies and practices of Defendant;

  g. They were subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks.

  h. They were reimbursed similar set amounts of automobile expenses per delivery; and,

  i. They were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

  35. The Class satisfies the numerosity standard as it consists of hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

  36. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendant's actions include, without limitation:

  a. Whether Defendant failed to pay Class members the minimum wage required by Federal Law;

  b. Whether Defendant failed to reasonably reimburse Class members for using their own vehicles to deliver Defendant's pizzas and other food items;

      c.      Whether Defendant's formula and/or methodology used to calculate the payment of reimbursement for vehicle expenses resulted in unreasonable under-reimbursement of the Class members; and

      d.      Whether Defendant failed to keep accurate records of deductions from Class members' wages in violation of State and Federal law.

37.    The questions set forth above predominate over any questions affecting only individual persons, and a collective action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the collective claims.

38.    A collective action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the Class.

39.    Plaintiff is an adequate representative of the Class because she is a member of the Class and her interests do not conflict with the interest of the members of the Class she seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and collective action litigation.

40.    Maintenance of this action as a collective action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate collective actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a collective action.

41. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single collective action can determine, with judicial economy, the rights of all Class members.

## CAUSE OF ACTION

### Violation of the Fair Labor Standards Act of 1938

42. Plaintiff reasserts and re-alleges the allegations set forth above.

43. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated persons pursuant to 29 U.S.C. § 216(b).

44. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

45. Plaintiff, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendant's practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential class members may be notified of the pendency of this action via mail and electronic means.

46. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

47. Defendant is subject to the FLSA's minimum wage requirements because its an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

48. At all relevant times herein, Plaintiff and all other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

49. Section 13 of the FLSA, codified at 20 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated persons.

50. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

51. As alleged herein, Defendant has reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the State and Federal minimum wage.

52. Defendant knew or should have known that its pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the Federal Minimum Wage.

53. Defendant, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay Federal Minimum Wage to Plaintiff and other similarly situated persons.

54. Plaintiff and all similarly situated persons are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendant's stores.

55. Plaintiff and all similarly situated persons are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods

of equitable tolling, because Defendant acted willfully or knew, or showed reckless disregard for, whether its conduct was unlawful.

56. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant is not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

57. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Putative Plaintiffs collectively pray that this Honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA and designate the above Plaintiff as representative of all those similarly situated under the FLSA collective action;

2. Award Plaintiff and the Putative Plaintiffs actual damages for unpaid wages and liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and the class as provided by the FLSA, U.S.C. § 216(b);

3. Award Plaintiff and the Putative Plaintiffs pre- and post-judgment interest at the statutory rate as provided by the FLSA, U.S.C. § 216(b);

4. Award Plaintiff and the Putative Plaintiffs' attorneys' fees, costs, and disbursements as provided by the FLSA, 29 U.S.C. § 216(b); and

5. Award Plaintiff and the Putative Plaintiffs further legal and equitable relief as this Court deems necessary, just, and proper.

## Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

DATED: December 8, 2020                     Respectfully submitted,

**FORESTER HAYNIE PLLC**

*/s/ J. Forester*
**Jay Forester**
Texas Bar No. 24087532
**Meredith Mathews**
Texas Bar No. 24055180
400 N. St. Paul St., Suite 700
Dallas, Texas 75201
(214) 210-2100 phone
(214) 346-5909 fax
jay@foresterhaynie.com
mmatthews@foresterhaynie.com

**Joe P. Leniski, Jr.* (TN BPR #022891)**
BRANSTETTER, STRANCH, & JENNINGS, PLLC
223 Rosa Parks Ave, Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
Email: joeyl@bsjfirm.com
*to be admitted *Pro Hac Vice*

**ATTORNEYS FOR PLAINTIFF**